United States District Court
Southern District of Texas
**ENTERED**
February 24, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| STATE FARM LLOYDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:22-CV-00169 |
| | § | |
| FOUR WIVES, LIMITED, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**</u>

This is a declaratory judgment action filed by State Farm Lloyds ("State Farm") seeking a ruling that it is not liable under an insurance policy in the wake of storm damage to a boat pier. Defendant Four Wives, Limited ("Four Wives"), the policy holder, has moved to dismiss this federal action, arguing that State Farm wrongfully failed to join an indispensable party (the agent who sold the policy to Four Wives). (Doc. No. 13.) Four Wives also contends that this Court should not hear the declaratory judgment action in any event, because the matter should be litigated in state court. For the reasons discussed below, the undersigned recommends that the district court DENY the motion to dismiss, but STAY this federal action: under the circumstances presented, this case is more appropriately litigated in state court.

*A.  **Jurisdiction.***

The Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This case has been referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636.

**B.  *Proceedings.***

On July 25, 2020, Hurricane Hanna swept ashore in South Texas.  Damaged in the storm was a boat pier owned by Four Wives at a vacation property.  The property was located in Kleberg County, which is in the Corpus Christi Division of this district.  *See* 28 U.S.C. § 124(b)(6).  Four Wives had previously bought insurance from State Farm, through its agent Leslie Hakala, for the dock and pier, as well as for other structures on the property.  After the storm, Four Wives filed a claim under the policy for damage to the pier.  State Farm conducted an inspection of the property and determined that the pier was damaged by water, not by wind.  Because the policy excluded coverage for water damage (even water driven by wind), the pier was allegedly excluded from coverage.  State Farm denied the claim in August 2020.

In May 2022, Four Wives' counsel sent a notice and demand letter to State Farm, pursuant to § 542A.003(a) of the Texas Insurance Code, demanding just over $46,000 for damage to the pier.  Four Wives contended that State Farm's adjuster refused to inspect the pier, because State Farm's managers had allegedly "made a decision that they were not covering piers."  (Doc. No. 13-1, p. 2.)  Four Wives also asserted that State Farm had breached its duty of good faith and fair dealing, and that State Farm had violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act.  *Id.* at 2-3.  Four Wives additionally alleged that State Farm had knowingly and intentionally engaged in deceptive conduct, by virtue of State Farm agent Hakala's allegedly having represented to Four Wives, on behalf of State Farm, that the pier was a covered structure under the policy.  *Id.* at 3.

State Farm's counsel acknowledged the demand letter.  Both sides were prohibited under Texas law from filing any lawsuit involving the claim until the sixty-first day after the notice.  *See* Tex. Ins. Code §§ 542A.003(a), 542A.003(e).  The sixty-first day after Four Wives' notice

2 / 26

was a Saturday.  On the next business day, July 25, 2022, Four Wives filed an action in Texas state court, alleging breach of contract by State Farm, violations of the Deceptive Trade Practices Act by State Farm and Hakala, unfair insurance practices by State Farm and Hakala, breach of the duty of good faith and fair dealing by State Farm and Hakala, and unfair claims settlement practices by State Farm and Hakala.  (Doc. No. 13-3, pp. 4-9.)  Four Wives also sought exemplary damages and attorney's fees, asserting that State Farm and Hakala committed their acts "knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of [Four Wives]."  *Id.* at 10. "In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future," Four Wives requested "exemplary damages pursuant to [§] 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b)" of the Texas Insurance Code.  *Id.*  Four Wives also sought an award of attorney's fees.  *Id.* at 11.

Four Wives' state court lawsuit, however, was apparently the second to be filed that day regarding this insurance claim.  State Farm filed this federal declaratory judgment action earlier the same day.  (Doc. No. 1.)  State Farm's action was essentially one seeking a declaration regarding coverage.  State Farm sought three declarations by this Court, paraphrased as follows:

- Based on the terms and conditions of the policy, damage to the pier that is caused by excluded causes of loss is not covered under the policy;

- State Farm is not liable under the policy for the specific damage to the pier resulting from Hurricane Hanna; and

- Four Wives is not entitled to any payment of policy proceeds from State Farm for the specific damage that occurred to the pier resulting from Hurricane Hanna.

(Doc. No. 1, pp. 7-8.)

### C. *Four Wives moves for dismissal of the federal declaratory judgment action.*

Four Wives has moved to dismiss State Farm's declaratory judgment action, on two grounds.  Four Wives contends that Hakala, allegedly a necessary party, is not joined and cannot be joined without destroying diversity jurisdiction.  (Doc. No. 13, p. 6.)  Four Wives also argues that this Court lacks the authority to entertain the declaratory judgment action, and that State Farm brought the case for improper reasons.  *Id.* at 2-6.

#### 1. *Failure to join Hakala.*

First, Four Wives contends, Hakala is a necessary party in this case but is not joined. (Doc. No. 13, p. 1.)  Joining Hakala, Four Wives says, would destroy diversity jurisdiction because Hakala is allegedly a citizen of Texas, so the suit should be dismissed.  *Id.* at 1, 6.  Four Wives insists that Hakala is required for "the complete resolution of the dispute because the material misrepresentations by her agency and its employees, both before and after the issuance of the policy that is the subject of State Farm's declaratory action, are relevant to the rights and liabilities of the parties to this declaratory action."  *Id.* at 6.  Four Wives contends that proceeding without Hakala "would impair or impede Four Wives' ability to protect its interests in this suit because the representations made by her office on behalf of State Farm are critical to the parties' understanding of the coverages provided and Four Wives' reliance thereon."  *Id.* Four Wives states that State Farm would still have an adequate remedy, even if this declaratory judgment action is dismissed, because it can bring its arguments in state court.  *Id.*

Responding, State Farm argues that Hakala is not a necessary party to the declaratory judgment action, because the action is merely a contract dispute regarding policy coverage. (Doc. No. 18, pp. 2-7.)  State Farm submits policy documents that, it says, demonstrate that the pier, although a "covered structure" under the policy, was nonetheless subject to a policy

exclusion for losses caused by "water damage" from "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not." (Doc. No. 18-1, p. 35.) State Farm further contends that Hakala's only tie to the claim, based on Four Wives' demand letter and state court lawsuit, was that Hakala had allegedly told Four Wives that the pier was a covered structure under the policy, either to induce Four Wives to purchase the policy or during the handling of the claim. (Doc. No. 18, p. 1.) Four Wives has submitted no evidence of any pre-loss misrepresentation by Hakala, State Farm says, and any post-loss misrepresentation is not actionable because Four Wives would not have taken any action in reliance on such a misrepresentation. *Id.* at 5-7.

### 2. *Authority to consider the declaratory judgment action.*

Four Wives argues that the Court lacks the authority to consider State Farm's declaratory judgment. This, Four Wives contends, is because Four Wives has filed an action in state court involving the same matters raised by State Farm here, along with "additional extra-contractual causes of action" against State Farm and Hakala for "fraudulent and intentional misrepresentations based on the statements by the agent and its employee specifically ensuring Four Wives of coverage for said pier." (Doc. No. 13, pp. 4-5.) Four Wives declares that it is "clear" that State Farm "brought the instant suit in anticipation [of] Four Wives' lawsuit, suggesting that State Farm brought the suit for improper reasons." *Id.* at 4 (citing *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 397-99 (5th Cir. 2003)). Finally, Four Wives argues that this Court would be prohibited under the Anti-Injunction Act from enjoining the ongoing state proceedings. *Id.* at 5; *see* 28 U.S.C. § 2283.

In response, State Farm argues that this Court does indeed have the authority to grant declaratory relief, and that the Court should exercise its discretion to accept jurisdiction over the

dispute.  (Doc. No. 18, p. 8.)  State Farm contends that the seven non-exclusive factors set forth in *St. Paul Insurance Company v. Trejo*[1] counsel in favor of exercising jurisdiction, and that State Farm did not engage in forum-shopping.  *Id.* at 8-9.

Four Wives did not file a reply to State Farm's response to the dismissal motion.

### 3. The parties argue the motion at the initial pretrial conference.

At the initial pretrial conference held by the district court on November 10, 2022, counsel for Four Wives asserted that Hakala had represented that the pier was covered for any type of damage as a result of a windstorm, including damage caused by wave action, floating debris, or any other cause.  Counsel also stated that Four Wives' state case was one of five such state cases with similar factual allegations against State Farm and Hakala arising from damage caused during Hurricane Hanna.  The question of Hakala's alleged misrepresentation, counsel stated, would have to be resolved in all of those other state cases as well.  This, counsel argued, would constitute a needless duplication of effort and resources, and potentially could also result in inconsistent litigation outcomes.

Counsel for Four Wives also observed that the sufficiency of the state pleadings, and the level of detail of any factual allegations in those pleadings, should be judged by state pleading standards, not federal pleading standards, because Four Wives' case was pending in state court, not in federal court.  Counsel for State Farm noted that if this Court were to exercise jurisdiction over the declaratory judgment action, State Farm would seek to abate the state case until the conclusion of the federal matter.

Further facts necessary to the disposition of this motion are set forth below.

---

[1] *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994).

### D.  Dismissal under Rule 12(b)(7) is not appropriate.

Four Wives asserts that State Farm agent Hakala is a necessary and indispensable party to this case.  (Doc. No. 13, p. 6.)  Four Wives claims further that because Hakala cannot be joined without destroying diversity jurisdiction, the case must be dismissed.  *Id*.

Federal Rule of Civil Procedure 12(b)(7) permits dismissal for failure to join an indispensable party under Federal Rule of Civil Procedure 19.  *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).  Rule 19, in turn, allows for the joinder of parties who should be present in order to have a fair and complete resolution of the dispute, and provides for the dismissal of lawsuits that should not proceed in the absence of parties that cannot be joined.  *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 230-31 (5th Cir. 2019) (citing *HS Resources*, 327 F.3d at 438).

Rule 19 sets out a two-step inquiry.  First, the court determines whether a party should be added under the requirements of Rule 19(a).  The court then decides whether litigation can properly proceed without the absent party under the requirements of Rule 19(b).  *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 732 (5th Cir. 2005).

Under Rule 19(a), an absent party who is subject to service of process is a "necessary" party if the party's joinder will not deprive the court of subject matter jurisdiction and if the party falls into one of three categories: "(1) parties needed to give complete relief to the existing parties . . .;  (2) parties who claim interests which could be practically impaired or impeded if not joined . . .; and (3) parties necessary to ensure that existing parties are not exposed to multiple or inconsistent obligations . . . ."  *Lee v. Anthony Lawrence Collection, L.L.C.*, 47 F.4th 262, 265-66 (5th Cir. 2022) (citations omitted).  This inquiry is necessarily fact-intensive.  "By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of

7 / 26

individual cases."  7 Charles A. Wright, Arthur Miller & Mary Kay Kane, *Federal Prac. and Proc.*, § 1604 (3d ed. 2021).

The party advocating for joinder bears the initial burden of proving that a necessary party must be joined.  *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).  But after an "'initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'"  *Id.* (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).  If the absent party is necessary, but cannot be joined without destroying subject matter jurisdiction, the court must then determine whether that person is "indispensable" – that is, whether litigation can properly be pursued without the absent party.  *Id.*  If the absent party is not indispensable, the case can proceed without joining an additional party or parties.  *Id.* at 629.  But if the suit cannot proceed without that party under Rule 19(b) because it is indispensable, then the case must be dismissed. *August*, 135 F. App'x at 732.

Here, Four Wives does not contend that Hakala's absence would impair or impede her ability to protect a claimed interest, or that her absence would leave an existing party subject to a substantial risk of incurring inconsistent obligations.  Rather, Four Wives' claim is that if Hakala is not joined, "complete relief is not possible among the existing parties."  (Doc. No. 13, p. 6.) Four Wives explains that Hakala's presence "is required for the complete resolution of the dispute because the material misrepresentations by her agency and its employees, both before and after the issuance of the policy that is the subject of State Farm's declaratory action, are relevant to the rights and liabilities of the parties to this declaratory action."  *Id.*  State Farm responds that Four Wives fails to show that Hakala is a necessary party, arguing that Four Wives

fails to allege with specificity any misrepresentations Hakala or her team made that were relied upon by Four Wives.  (Doc. No. 18, pp. 1-7.)

Conducting the two "highly practical, fact-based" inquiries under Rule 19, *see Hood*, 570 F.3d at 628, the undersigned concludes that Hakala is not a necessary party to this declaratory judgment action.  Four Wives fails to carry its burden of demonstrating that Hakala's absence would prevent complete relief among the parties.  "Complete relief," as contemplated by Rule 19(a), refers to complete relief as between the existing parties to the action, not "between a party and the absent person whose joinder is sought."  *W.C. Chapman, L.P. v. Cavazos*, No. 4:21-CV-00893-ALM, 2022 WL 3704303, at *1 (E.D. Tex. Aug. 26, 2022); (quoting *Niven v. E-Care Emergency McKinney, L.P.*, No. 4:14-CV-00494, 2015 WL 1951811, at *1 (E.D. Tex. Apr. 10, 2015) (bracketed text deleted)); *see also Lee*, 47 F.4th at 265.  "In determining whether complete relief can be accorded, the key inquiry is whether the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court."  *Zapata v. Hays Cnty. Detention Center*, No. 1:21-CV-00562-RP, 2022 WL 1571009, at *5 (W.D. Tex. May 18, 2022) (citation and internal quotation omitted).

Four Wives' contention here is essentially that Hakala's presence as a party is necessary to determine whether State Farm's policy should be held to cover the loss to Four Wives' pier.  Four Wives' allegations regarding Hakala's conduct are bare-bones, to say the least: as State Farm points out, Four Wives' state court petition and its dismissal motion alleges only that Hakala or one of her staffers stated that the pier was a covered structure under the policy, either prior to purchase of the policy or after the loss (or both).  As Four Wives' counsel stated during the initial pretrial conference, Four Wives is not subject to federal pleading standards, because it has not brought a federal complaint.  That is true, but Four Wives does bear the burden of

proving that Hakala is a necessary party who must be joined.  The undersigned is entitled to

consider the vagueness of the factual allegation in conducting its "initial appraisal of the facts."

*See Hood*, 570 F.3d at 628.  On this record, Four Wives fails to carry its initial burden.  Even

affording Four Wives the most generous interpretation of its allegations by assuming that Hakala

made material misrepresentations to Four Wives prior to the issuance of the policy, and that Four

Wives relied on Hakala's misrepresentation in purchasing the policy, that still would not make

Hakala a necessary party to the case.  Hakala might be an important – or even critical – witness

in litigation regarding coverage, but that does not mean that she must also be joined as a party.

There is no indication that Hakala would be unavailable as a witness, or that evidence of

Hakala's statements, acts, or omissions could not be presented as part of this declaratory

judgment action.[2]

Additionally, although the question is fact-specific, other courts evaluating declaratory

judgment actions for insurance coverage disputes have held that insurance agents are not

indispensable parties, even when the agent is alleged to have committed misconduct.  *E.g.*,

*Tower Ins. Co. of New York v. Zing Lu, LLC*, No. H-09-1713, 2009 WL 4730394, at *1 (S.D.

Tex. Dec. 4, 2009) (Atlas, J.); *see also Dairyland Ins. Co. v. Broderick*, No. 09-CV-169-D, 2010

WL 11497166, at *2 (D. Wyo. Aug. 31, 2010) (court could afford complete relief as between an

insured and an insurer in the absence of the insurance agent who issued the policy).

Four Wives also contends that Hakala's absence as a party would "impair or impede Four

Wives' ability to protect its interests in this suit because the representations made by her office

---

[2]  At the initial pretrial conference, counsel for Four Wives stated that there exist text messages from Hakala to Four Wives and perhaps also to other policy holders regarding coverage.  Those alleged text messages are not in the record, but even if they were, the undersigned would not be persuaded that Hakala is a necessary party as opposed to a potentially pertinent witness.

on behalf of State Farm are critical to the parties' understanding of the coverages provided and Four Wives' reliance thereon." (Doc. No. 13, p. 6.) Rule 19(a)'s "impair or impede" language however, refers only to the ability of the absent party's ability to protect his or her interest, not that of an existing party to the litigation. *See* Fed. R. Civ. P. 19(a). Thus, Four Wives' additional argument lacks merit.

The undersigned concludes that Hakala is not a necessary party to this case, and recommends that Four Wives' dismissal motion on this ground be denied.

### E. A stay of this declaratory judgment action is appropriate.

Arguing that State Farm engaged in an improper "race to the courthouse" to file this declaratory judgment action for improper reasons, Four Wives seeks dismissal, so that the case can be litigated in state court. (Doc. No. 13, pp. 1-6.) The undersigned agrees that the case should not proceed in federal court, but recommends that this case be stayed, not dismissed.

#### 1. The Court possesses the authority to entertain this justiciable dispute.

In analyzing whether to decide or dismiss (or stay) a declaratory judgment action, a court must determine whether the action is justiciable, whether the court has the authority to grant declaratory relief, and whether the court should exercise its discretion to decide, dismiss, or stay the action. *See Sherwin-Williams*, 343 F.3d at 387 (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

Here, the declaratory judgment action is justiciable, because there is an actual controversy between the parties. *Sherwin-Williams*, 343 F.3d at 387; *Rowan Cos, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989).

The Court also possesses authority to adjudicate the dispute. Section 1332 of Title 28, United States Code, provides that federal district courts have original jurisdiction over civil

actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction is present. Four Wives and State Farm are citizens of different states. State Farm contends that the amount in controversy exceeds the $75,000 threshold (Doc. No. 1, pp. 2-3), and Four Wives does not contest this assertion.[3]

A district court lacks authority to decide a declaratory judgment action when issuing a declaratory judgment would be tantamount to enjoining a state proceeding in violation of the Anti-Injunction Act. Here, the Anti-Injunction Act does not bar the Court's authority, because there was no pending state court action between Four Wives and State Farm at the time State Farm filed this action. *See* 28 U.S.C. § 2283(a); *Travelers Ins. Co. v. La. Farm Bureau Federation, Inc.*, 996 F.2d 774, 776 & n. 5 (5th Cir. 1993); *Sherwin-Williams*, 343 F.3d at 388 n.1; *see also AXA Re Property & Cas. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006) (unpublished) (analyzing district court's authority to exercise jurisdiction: "Restated, no declaratory defendant had filed an action in state court against the declaratory plaintiff."); *Accident Ins. Co., Inc. v. Dennis Collier Constr., LLC*, No. 1:20cv191, 2021 WL 329898, at *3 (S.D. Miss. Feb. 1, 2021) (court did not lack authority to consider declaratory judgment action that was filed prior to filing of any state case presenting the same issues); *Integon Specialty Ins. Co. v. Republic Plastics, Ltd.*, No. SA-10-CA-802-FB, 2011 WL 13234744, at *6 (W.D. Tex. Mar. 28, 2011), *adopted*, 2011 WL 13234896 (W.D. Tex. June 13, 2011).

Four Wives cites *Pennsylvania General Insurance Company v. Caremark PCS* for the proposition that the same-day, hours-apart filing of this federal declaratory judgment action and

---

[3] Four Wives' demand letter sought payment of just over $46,000. State Farm asserts in its declaratory judgment complaint that in addition to actual damages and attorney's fees, Four Wives was seeking additional damages under section 541.152 of the Texas Insurance Code for knowing and intentional violations. That provision allows for the trebling of actual damages. Thus, State Farm reasons that the amount in controversy in this case is $97,600, including attorney's fees. *Id.*

Four Wives' state case calls into question this Court's authority to grant declaratory relief.  (Doc. No. 13, p. 4 (citing *Pa. Gen. Ins. Co. v. Caremark PCS*, No. 3:05-CV-0844-G, 2005 WL 2041969, at *7 (N.D. Tex. Aug. 24, 2005)).  In that case, the district court found that it lacked authority to consider a declaratory judgment action regarding insurance coverage where the declaratory plaintiff filed the action in federal court in Texas six hours before the declaratory defendant filed a state action in Illinois.  Acknowledging that federal courts normally lack authority to grant declaratory relief only when the state court action is filed prior to the federal court action, 2005 WL 2041969, at *3 (citing *Sherwin-Williams*, 343 F.3d at 388 n.1), the *Pennsylvania General* court nonetheless declined to "automatically assume that the court's authority is beyond dispute."  *Id.*  The court reasoned, without further citation to authority, that a policy of following the general rule strictly "would only instigate an unnecessary and counter-productive race between litigants to be the first to file.  Accordingly, the same day filing of the state court action is sufficient to call into question the authority of this court to grant declaratory relief . . . ."  *Id.*  Research has revealed no other case adopting this view of federal courts' authority to consider declaratory judgment actions.  The few courts that have cited to this portion of *Pennsylvania General*, rather, appear to have applied it in the context of deciding whether to exercise discretion to consider the declaratory judgment action.  *E.g., Integon*, 2011 WL 13234744, at **6, 8, 9 & nn.83, 92, 97 (finding authority to adjudicate declaratory judgment action because no state court action was pending at the time of its filing, but applying *Pennsylvania General* to recommend against exercise of discretion to consider the action).  The undersigned concludes that because Four Wives had not yet filed its state court action when State Farm filed this declaratory judgment action, the Court has the authority to entertain the declaratory judgment action.  The matter of the same-day filing is better addressed in the context

13 / 26

of the Court's exercise of discretion to consider the declaratory judgment action, through application of the *Trejo* factors.

### 2. The **Trejo** *factors counsel against exercise of federal jurisdiction in this case.*

Even if they possess the authority to do so, federal courts are not required to entertain declaratory judgment actions. The Declaratory Judgment Act permits courts to "declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a), but courts have "unique and substantial discretion" in deciding whether to do so. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Exercise of that discretion is guided by the Supreme Court's decision in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 495 (1942), and a court will abuse its discretion if it declines to exercise jurisdiction without first addressing and balancing the purposes of the Declaratory Judgment Act and the factors relevant to the *Brillhart* doctrine. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001). In this circuit, the seven nonexclusive factors articulated in *Trejo* guide courts' exercise of discretion pursuant to *Brillhart*:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedents in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590-91.  "Across circuits, the *Brillhart* inquiry is grounded in three fundamental concerns: federalism, fairness, and efficiency."  *Koch Project Solutions, L.L.C. v. Alliance Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *5 (5th Cir. Nov. 11, 2022) (per curiam) (unpublished) (citing *Sherwin-Williams*, 343 F.3d at 390-91).  In this case, the undersigned has reviewed the parties' arguments and reviewed the *Trejo* factors and concludes that a stay of this declaratory judgment action is the most appropriate option.[4]

### a. Factor 1: Pending state court action.

The first *Trejo* factor considers whether there is a pending state court action in which all of the matters in controversy may be fully litigated.  *Trejo*, 39 F.3d at 590.  This factor is different from the question of the Court's authority to consider the declaratory judgment action, discussed above.  Here, the focus is on whether a parallel state court proceeding exists now, not whether it existed at the time of the filing of this action.  *Cf. Accident Ins. Co.*, 2021 WL 329898, at *4 (abstention can be proper even if state action filed after the federal case, and noting that "the second *Trejo* factor, whether a declaratory plaintiff filed suit in anticipation of a lawsuit by a defendant, . . . , would be rendered superfluous if a state-court plaintiff/federal court defendant were always required to file suit before a federal-court plaintiff did so in order for abstention to apply under *Brillhart*.")

---

[4]  The undersigned's task in this regard has not been made easy by Four Wives.  Although acknowledging in its motion that the Court possesses discretion whether to exercise jurisdiction over this declaratory judgment action (Doc. No. 13, p. 3), Four Wives failed to discuss whether the Court should actually exercise that discretion.  Four Wives did not mention *Trejo*, or its factors, at all.  And even when State Farm discussed the *Trejo* factors in its response (albeit briefly), Four Wives failed to file any reply.

Parallel state court proceedings raise *Brillhart* concerns about federalism and efficiency. *Koch Project Solutions*, 2022 WL 16859961, at *5 (citing *Sherwin-Williams*, 343 F.3d at 394). "Duplicative litigation in federal court, especially over matters of state law, should be avoided." *Id.* (citing *Sherwin-Williams*, 393 F.3d at 391-92). "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390-91.

All issues raised by State Farm in this case are matters of state law. No state court case was pending between Four Wives and State Farm at the time State Farm filed this declaratory judgment action, but Four Wives did file such a case later that same day, and that case remains pending. Review of Four Wives' petition in the state case reveals that the issues in this declaratory judgment action are also presented in the state court action. State Farm seeks a declaration here that the policy does not cover losses stemming from causes that are excluded under the policy, and that it is not liable to Four Wives under the policy. (Doc. No. 1, pp. 7-8.) Four Wives, meanwhile, alleges in its state court case that State Farm is liable under the policy and has breached its contract by failing to pay. (Doc. No. 18-1, p. 57.) Four Wives levies other allegations against State Farm, but the dispute raised by State Farm here is also raised by Four Wives in the state court case. While the actions, therefore, are not entirely identical because there are additional issues presented in the state court case, the issue raised by State Farm here is sufficiently parallel to that raised by Four Wives in state court.

Citing *Sherwin-Williams*, State Farm argues that this factor weighs in favor of exercising jurisdiction, because there was no state court case filed at the time State Farm filed this declaratory judgment action. (Doc. No. 18, p. 8.) But *Sherwin-Williams* made clear that its

analysis dealt with the absence of a pending state court action at the time the district court dismissed the case, not whether a state case existed at the time the federal declaratory judgment action was filed.  *See Sherwin-Williams*, 343 F.3d at 388, 392.

The undersigned concludes that there is a pending state court action in which all matters in controversy in this federal action can be litigated.  The first *Trejo* factor therefore weighs in favor of dismissal or stay of this federal action.

### b.  Factors 2, 3, and 4: Filing in anticipation of state lawsuit, forum selection, and potential inequities.

The second *Trejo* factor addresses whether State Farm filed this action in anticipation of Four Wives' state court lawsuit.  The third factor addresses whether State Farm engaged in impermissible "forum-shopping" in bringing the action, and the fourth factor addresses whether potential inequities exist in allowing State Farm to gain precedence in time or to change forums on unfair or improper grounds.  *See Trejo*, 39 F.3d at 590-91; *Sherwin-Williams*, 393 F.3d at 391.

"Federal declaratory judgment suits are routinely filed in anticipation of other litigation." *Sherwin-Williams*, 393 F.3d at 391.  Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation.  *Id.*

The undersigned is fully convinced that both parties engaged in a sprint to their respective courthouses, a race that State Farm won by filing this federal action a few hours earlier than Four Wives' state case.  The timing of each action indicates that both parties fully intended to sue in their respective forums at the earliest opportunity allowed by Texas law.  That 60-day period envisions potential lawsuits filed by either an insurance claimant or an insurance company on the following day.  *See* Tex. Ins. Code §§ 542A.003(a), 542A.003(d).

Four Wives theorizes that a party who has notice that another party intends to file suit involving the same issues should not be allowed to select its own preferred forum by preemptively filing first elsewhere.  (Doc. No. 13, p. 4 (citing *909 Corp. v. Village of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990).)  *909 Corporation* addressed a slightly different issue, the "first-filed rule," in which Fifth Circuit courts maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits. *See* 741 F. Supp. at 1292.  *909 Corporation* predates *Trejo*, which sets forth a broader scope of review than merely whether the first-filing party was on notice of its opponent's intent to sue elsewhere.  That a declaratory judgment action is filed in anticipation of other litigation is not necessarily determinative of whether dismissal or stay is appropriate.  Litigation can be found to be wrongfully anticipatory, however, if it has the effect of determining the law that will apply. *E.g.*, *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 & n.3 (5th Cir. 1983) (dismissal appropriate where declaratory judgment plaintiff used the federal statute and defendant's inability to file an earlier state court suit for the sole purpose of controlling the state law that would apply).

State Farm argues that it "has not brought this lawsuit to foreclose any of [Four Wives'] claims."  (Doc. No. 18, p. 8.)  State Farm also denies that it has engaged in "forum shopping." The property, State Farm says, is located in this district, and had Four Wives sued State Farm alone, State Farm would have removed the case to this Court.  (Doc. No. 18, p. 9.)  Whether State Farm's contentions are true or not, the undersigned finds no evidence in the record that State Farm's suit is wrongfully anticipatory.  State Farm asserted its rights under the Declaratory Judgment Act and the diversity jurisdiction statute to bring an issue against an insured on an issue of coverage.  *Cf. Sherwin-Williams*, 343 F.3d at 398 (citing *Capitol Ins. Co. v. Kapiloff*,

155 F.3d 488, 494 (4th Cir. 1998); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)).  Without more, this is a permissible exercise of State Farm's rights.  Likewise, there is no indication that the applicable law would be any different: Texas law would control in this federal case just as it would in state court.

The undersigned discerns no inequity to Four Wives arising from State Farm's decision to file this federal action, and concludes that State Farm, although clearly preferring to litigate in federal court, likewise has not engaged in improper forum shopping by filing this action.  The undersigned therefore finds that the second, third, and fourth *Trejo* factors do not weigh in favor of dismissal or stay.

### c. Factor 5: Convenience of the parties.

The fifth *Trejo* factor addresses an efficiency concern, whether the federal court is a convenient forum for the parties and witnesses.  *Trejo*, 39 F.3d at 591.  The undersigned finds that this factor is neutral.  The federal court in the Corpus Christi Division appears to be neither more nor less convenient for the parties than the state court forum.  The state proceeding is pending in Kleberg County, which adjoins Nueces County (where Corpus Christi is located) to the south.  The property that is the subject of this dispute is a vacation property located in Riviera, Texas, and the principals of Four Wives appear to live or be based in Houston, which is farther from Kleberg County than it is from Corpus Christi.  *See* Doc. No. 18-1, p. 4.  Additionally, Four Wives' attorneys are based in Corpus Christi.  *See* Doc. No. 13, p. 7 (listing Corpus Christi address for counsel).

### d. Factor 6: Judicial economy.

The sixth *Trejo* factor asks whether retaining the lawsuit would serve the purposes of judicial economy.  *Trejo*, 39 F.3d at 591.  Federal courts are to avoid duplicative or piecemeal

litigation where possible. *Koch Project Solutions*, 2022 WL 16859961, at \*7 (citing *Sherwin-Williams*, 343 F.3d at 391). "Judicial economy may also implicate concerns about federalism and comity, especially when duplicative litigation could produce conflicting judgments on matters of state law." *Id.*

State Farm argues that the Court "may dispose of the declaratory judgment action and Four Wives' insurance claims against State Farm, should Four Wives choose to assert counterclaims." (Doc. No. 18, p. 9.) But the question under *Trejo* is not whether Four Wives could theoretically bring counterclaims in this federal case: it is whether this Court's exercise of federal jurisdiction – in addition to the existing state litigation that Four Wives has filed – would serve the purposes of judicial economy. The undersigned concludes that judicial economy would be better served by avoiding duplicative litigation than by an exercise of federal jurisdiction. The same issues raised by State Farm here are also present in the state case, along with the other state law claims that Four Wives has asserted. A piecemeal amputation of the state law coverage question for litigation in federal court, while other state law issues are litigated in state court, would be inefficient.

Additionally, very few resources appear to have been expended to date in federal court, so dismissing or staying this federal case would not result in waste of effort already spent. State Farm filed this action on July 25, 2022. Four Wives filed suit in state court later the same day. Four Wives filed this dismissal motion (Doc. No. 13), State Farm has responded (Doc. No. 18), and the district court held an initial pretrial conference. No further resources appear to have been expended in federal court, the underlying issues have not been briefed in federal court, and this Court has not rendered any decision on any substantive issue (until this one). This dismissal motion is the sole motion on the docket. It would be a more efficient use of judicial resources

for only one court to preside over these matters, and federalism considerations militate in favor of this Court's deferral to the state court regarding these strictly state law issues. *Cf. Blue Hill Specialty Ins. Co. v. Cricket Transport, LLC*, No. 22-259, 2022 WL 2134615, at *3 (W.D. La. June 14, 2022).

Finally, as the parties acknowledged during the initial pretrial conference, there are five state court complaints filed against State Farm involving facts and claims similar to those in this case. None of those cases are removable to federal court because there is no diversity jurisdiction, counsel stated, so those cases will remain in state court.[5] The undersigned assigns minimal weight to this information, because the record is not well-developed on this point. But although there may be some case-to-case differences, the existence of those other similar cases hardly strengthens the case for retaining federal jurisdiction here. The interests of judicial economy are not obviously served by having a sliver of one case litigated in federal court while the remainder of the case and several other similar cases, all of which present only state law issues, are litigated in state court.

The undersigned concludes that this factor weighs in favor of dismissal or stay.

### e. Factor 7: The existence of any state court decree.

The seventh *Trejo* factor asks whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Trejo*, 39 F.3d at 591; *Sherwin-Williams*, 393 F.3d at 388. At this time there is no state judicial decree for the Court to construe.

---

[5] State Farm's counsel stated at the hearing that a different law firm is representing State Farm in those cases. That law firm apparently elected not to attempt to file federal declaratory judgment actions in those cases.

The Fifth Circuit has not dictated the weight that district courts must place on the absence of a state decree. *See Koch Project Solutions*, 2022 WL 16859961, at *8. As the *Koch Project Solutions* court noted, one unpublished decision found that the absence of a state court judgment weighed "strongly in [] favor" of the declaratory judgment plaintiff. *See AXA Re*, 162 F. App'x at 321. Another unpublished decision found that the factor was "not implicated." *RLI Ins. Co. v. Wainoco Oil & Gas Co.*, 131 F. App'x 970, 973 (5th Cir. 2005) (per curiam) (unpublished).

Here, State Farm does not assert that there is any special significance weighing in favor of exercising jurisdiction arising from the absence of a state decree. *See* Doc. No. 18, p. 9 (State Farm's entire analysis regarding a state judicial decree: "There is none for the Court to construe."). The undersigned discerns no particular significance to this analysis from the absence of a state decree in this case. The undersigned therefore concludes that this factor is not implicated in this case.

### f. Analysis.

The first and sixth *Trejo* factors weigh in favor of dismissal or stay. The second, third, and fourth *Trejo* factors do not. The fifth factor is neutral, and the seventh factor is not implicated. Ultimately, the *Trejo* factors address federalism, fairness, and efficiency. *Sherwin-Williams*, 343 F.3d at 390-91. From review of these factors, the undersigned discerns no unfairness in State Farm's actions (factors two, three, and four), but does conclude that considerations of federalism (factor one) and efficiency (factors five and six), considered holistically, weigh overall strongly in favor of dismissal or stay and against the exercise of jurisdiction. A single pending parallel state case can completely resolve the exclusively state-law issues between Four Wives and State Farm.

State Farm filed this case in federal court in anticipation of involvement in a state court lawsuit, but they do not seem to have done so for improper purposes.  As an out-of-state entity, State Farm is entitled to avail itself of the traditional justification for diversity jurisdiction.  And Texas state law will apply in either this Court or in the state court action.  The undersigned finds no unfairness.

This declaratory judgment action, however, raises only issues of state law, and a state case involving the same state law issues is pending.  Generally, as directed by *Sherwin-Williams*, the state court should decide the case, and this court should decline to exercise its discretion to hear the declaratory judgment action.  *Sherwin-Williams*, 343 F.3d at 390-91.  Considerations of federalism support a decision to dismiss or stay the declaratory judgment action.

Efficiency concerns also strongly counsel dismissal or stay.  While neither party would be particularly inconvenienced by litigating in federal court, the presence of piecemeal federal litigation in addition to the state cases would not enhance judicial efficiency.  State Farm asserts that Four Wives could bring counterclaims in this Court, but there is little efficiency savings to be realized when the state court action will be able to address all of the state law issues.  At the very best, judicial efficiency would be equally served between the two courts, but the undersigned perceives no situation in which the exercise of federal jurisdiction in this case would result in greater efficiency than proceeding in state court.

The *Trejo* factors are not to be mechanically applied.  They are non-exclusive factors, and are to be assessed holistically when a court decides whether it is appropriate to exercise jurisdiction over a declaratory judgment action.  But *Sherwin-Williams* teaches that the first *Trejo* factor is a "threshold issue" and a "central question" under *Brillhart*.  *See Sherwin-Williams*, 343 F.3d at 392; *cf. American Employers' Ins. Co. v. Eagle, Inc.*, 122 F. App'x 700,

703 (5th Cir. 2004) (unpublished) (federalism and efficiency considerations outweighed fairness considerations).  Here, it would be "a waste of judicial resources to allow this case to advance any further considering that there is a parallel state court action in which the parties can litigate all issues."  *Blue Hill*, 2022 WL 2134615, at *3.  The undersigned concludes that the *Trejo* factors counsel in favor of dismissal or stay and against exercise of jurisdiction over the declaratory judgment action.

In addition to considering the *Trejo* factors, courts must address and balance the purposes of the Declaratory Judgment Act.  *Vulcan Materials*, 238 F.3d at 390 (citing *Trejo*, 39 F.3d at 590).  As stated, the Declaratory Judgment Act permits courts to "declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  One purpose of the act is to allow a single, consistent resolution of a pertinent issue that otherwise could potentially be litigated in multiple other cases involving the same issue.  *E.g.*, *Travelers*, 996 F.2d at 777 (plaintiff permissibly sought declaratory judgment to avoid multiple lawsuits in multiple courts on the same issue).  Here, State Farm's declaratory judgment action cannot possibly accomplish that goal, because non-removable cases are already pending in state court, and the policy coverage issue will be litigated there regardless of whether it is also heard in this Court.  By contrast, entertaining the declaratory judgment action in federal court while the same issue is litigated in one or more state court actions would be the only means of *guaranteeing* that multiple courts will be involved, for all the state district court cases arising in Kleberg County are heard by the same court.  *See* Tex. Govt. Code § 24.207 (defining the 105th Judicial District).

Another observed purpose of the act is "'to provide a means to grant litigants judicial relief from legal uncertainty in situations' so that they 'would no longer be put to the Hobson's choice of [forgoing] their rights or acting at their peril.'"  *Union Pac. R. Co. v. City of Palestine*,

*Tex.*, 41 F.4th 696, 708 (5th Cir. 2022) (quoting *Tex. Emps. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988) (*en banc*) (citation omitted)).  Here, State Farm is not faced – and likely has never been faced – with the choice of forgoing its rights or acting at its peril in this matter: Four Wives told State Farm that it intended to file suit if State Farm failed to meet its demand, thus State Farm knew that it would have its rights determined one way or another.

After consideration of the issues of federalism, fairness, and efficiency, the *Trejo* factors, and the purposes of the Declaratory Judgment Act, the undersigned concludes that the state court action presents the better forum for deciding the issues presented here.  The undersigned therefore recommends that the Court not exercise jurisdiction over this declaratory judgment matter.

### F.  Dismissal or stay?  A stay is the better choice.

As the district court in *Koch Project Solutions* stated: "The Supreme Court has noted that 'where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.'"  *Koch Project Solutions, LLC v. Alliance Process Partners, LLC*, No. H-20-3479, 2021 WL 231313, at *15 (S.D. Tex. Jan. 22, 2021) (Lake, J.) (quoting *Wilton,* 515 U.S. at 288 n.2).  That path is the right one in this case.  Rather than dismiss the case, and potentially create a future limitations issue if the pending state case does not fully resolve this matter, the undersigned recommends instead that this case be stayed.

### G.  Conclusion and recommendation.

The undersigned recommends that Four Wives' motion to dismiss (Doc. No. 13) be DENIED, but that this federal declaratory judgment action be STAYED pending the final

adjudication of Four Wives' pending state court case. The Clerk should be directed to administratively close this case.

### H. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 24th day of February, 2023.

_____
    MITCHEL NEUROCK
    United States Magistrate Judge