United States District Court
Southern District of Texas
**ENTERED**
March 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STATE FARM LLOYDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00169 |
| | § | |
| FOUR WIVES, LIMITED, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM
## AND RECOMMENDATION AS MODIFIED

Pending before the Court is Defendant Four Wives Limited's (Four Wives') Motion to Dismiss (D.E. 13). On February 24, 2023, United States Magistrate Judge Mitchel Neurock issued his "Memorandum and Recommendation of United States Magistrate Judge" (M&R, D.E. 24), recommending that Defendant's motion be denied, but that this action be stayed pending the final adjudication of Four Wives' pending state court case. Plaintiff State Farm Lloyd's (State Farm) timely filed its objections (D.E. 27) on March 9, 2023. Four Wives filed a response to State Farm's objections on March 16, 2023.

### DISCUSSION

#### A. Issues Not in Dispute

There is no objection to the Magistrate Judge's findings and conclusions with respect to the recommendations that:

- Hakala is not an indispensable party that must be joined (which would defeat diversity);

1 / 10

- This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332;
- This action is justiciable;
- Exercising jurisdiction over this action is not tantamount to enjoining a state court action in violation of the Anti-Injunction Act; and
- This Court does have authority to grant the requested declaratory relief.

Applying to these issues the level of review necessary where no objection has been filed, the Court does not find any clear error on the face of those analyses. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)). The analyses on those issues will be adopted.

### B. Objection, Standard of Review, and Rubric

State Farm's objection only argues that this case should not be stayed in favor of resolution of the issues in the state court lawsuit, which was filed just hours after this federal case. More specifically, State Farm takes issue with the way the Magistrate Judge weighed the seven *Trejo*[1] factors to be considered when determining whether the Court should actually exercise its discretionary federal jurisdiction over the declaratory judgment matter when it involves the same issues that are also before a state court.

**Magistrate Judge Recommendations**. Neither party briefed the standard of review that this Court is to apply to the Magistrate Judge's analysis and recommendations. The type of review is based on whether it is a dispositive or nondispositive matter. Whether

---

[1] *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994). *Trejo* supplies the analysis for considering abstention in the context of a federal declaratory judgment action, in which the exercise of jurisdiction is discretionary. This is distinguished from *Burford* abstention, which applies to avoid conflict with state administrative actions, and *Colorado River* abstention, which applies in extraordinary circumstances in the name of wise judicial administration in situations of concurrent jurisdiction with state courts. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–814 (1976); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

to dismiss a case is obviously a dispositive matter.  Ordinarily, a stay of proceedings is a nondispositive matter that concerns docket management, appropriately decided by a magistrate judge subject to a "clearly erroneous or contrary to law" standard of review. *Trojan Battery Co., LLC v. Golf Carts of Cypress, LLC*, No. 4:21-CV-03075, 2022 WL 970240, at *1 n.1 (S.D. Tex. Mar. 31, 2022) (citing *Weiters v. Vannoy*, No. CV 16-14945, 2017 WL 736313, at *1 n.1 (E.D. La. Feb. 24, 2017) ("A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief.") and *United States ex rel. Becker v. Tools & Metals, Inc*., No. 3:05-CV-0627-L, 2013 WL 1293818, at *3 (N.D. Tex. Mar. 31, 2013) ("Motions to stay are nondispositive in nature and thus are subject to the 'clearly erroneous or contrary to law' standard of review.")).

In this case, however, the stay is a decision to decline to exercise jurisdiction over the dispute unless and until the state court fails to do so.  Courts treat a stay of that type as dispositive or sufficiently final to be subject to the district court's de novo or court of appeals' appellate review.  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 590 (2020); *Aventura Techs. Inc. v. World of Residensea II Ltd*., 646 F. App'x 92, 95 (2d Cir. 2016) (addressing *Colorado River* abstention); *Lee v. Krom*, No. 1:17-CV-338, 2017 WL 3008581, at *1 (M.D. Pa. July 14, 2017).  Given that the recommended stay is comprehensive and in lieu of dismissal, and noting that the result is the same under either standard applied here, the Court treats the issue as a dispositive matter and applies de novo review.

**Substantive Issue**.   Under the Declaratory Judgment Act (DJA), this Court has discretion to exercise or decline its jurisdiction.  28 U.S.C. § 2201(a).  The Supreme Court, distinguishing the analysis from that applicable to *Colorado River* abstention, has characterized this DJA discretion as uniquely broad and not subject to a strong presumption in favor of exercising jurisdiction or requiring "exceptional circumstances."  *Wilton v. Seven Falls Co*., 515 U.S. 277, 287 (1995).  A court will abuse its discretion if it declines to exercise jurisdiction without first addressing and balancing the purposes of the DJA and the factors relevant to the *Brillhart* doctrine.  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

The *Brillhart* opinion indicated that DJA jurisdiction should be declined where it is uneconomical, a vexatious interference with a suit between the same parties involving other state law issues, or a gratuitous interference with the orderly and comprehensive disposition of a state court litigation.  It further left it to future cases to help define relevant factors to consider.  *Id*.  The Fifth Circuit now applies seven factors to that decision—the *Trejo* factors.  *Trejo,* 39 F.3d at 590-91.  The factors are analyzed below.

**C. The *Trejo* Factors.**

**1. Whether there is a pending state action in which all of the matters in controversy may be fully litigated.**

The Magistrate Judge's analysis concluded that there was such a pending state action even though it was not pending until after this DJA action was filed.  D.E. 24, pp. 15-17.  State Farm argues that the reasoning should have, but did not, take into account the

fact that State Farm's DJA action was filed first.  D.E. 27, p. 3.  "The Memorandum gives no weight to State Farm having filed first on the issue that must be determined first."  *Id*., p. 4.

This Court is, as was the Magistrate Judge, aware that State Farm filed this DJA action before Four Wives filed its state court case on the same date.  The Court agrees with the Magistrate Judge and Four Wives that this fact is not dispositive of the manner in which this factor is treated.  The time differential is insignificant, given that Four Wives had previously provided notice of its intention to sue and both cases were filed on the first day available after the statutory notice period ended.  *See* D.E. 28, p. 2.  By the same token, the pendency of a state action that can resolve all matters, of which the coverage dispute here is only one, weighs against the exercise of jurisdiction.  The Court, for the reasons assessed by the Magistrate Judge, assigns the first factor significant weight against the exercise of DJA jurisdiction.

**2.  Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.**

The Magistrate Judge found that State Farm filed this DJA action in anticipation of Four Wives' suit, but not with an improper motive.  D.E. 24, p. 19.  Neither party addressed this factor.  The Court agrees with the M&R's analysis.  Because there is offsetting evidence on both sides of this issue, the second factor is deemed neutral.

**3.  Whether the plaintiff engaged in forum shopping in bringing the suit. and**
**4.  Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist.**

The Magistrate Judge found that State Farm had not engaged in improper forum shopping or anticipatory filing behavior unfairly designed to foreclose any rights of Four Wives.  He further found that the factors did not weigh in favor of dismissal or stay, making them ostensibly neutral.  D.E. 24, p. 19.  State Farm argues that the factors should affirmatively weigh in favor of exercising jurisdiction.  D.E. 27, p. 5 n.20 (citing *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 168 (5th Cir. Aug. 25, 2015) (per curiam) (weighing appropriate forum in favor of exercising DJA jurisdiction)).

There is nothing particularly remarkable about filing a lawsuit in a proper forum. For instance, it is expected so as to avoid dismissal or transfer under venue law.  *See* 28 U.S.C. §§ 1404(a), 1406(a).  Neither is it impressive that State Farm's filing does not impose inequities on Four Wives with respect to the exercise of its rights.  Nonetheless, the Court agrees with State Farm that the findings regarding the third and fourth factors, a proper forum and preservation of Four Wives' rights, weigh in favor of exercising DJA jurisdiction.  The Court treats them as having slight weight.

### 5.  Whether the federal court is a convenient forum for the parties and witnesses.

The Magistrate Judge found that this Court sitting in Corpus Christi, Texas is neither more nor less a convenient forum in comparison to the state court in Kingsville, Texas.  He therefore treated the factor as neutral.  D.E. 24, p. 19.  While State Farm takes no issue with the Magistrate Judge's factual observations, it argues that every *Trejo* factor should have weight in one direction or the other and that this factor should weigh in favor of exercising jurisdiction.  D.E. 27, p. 5.

State Farm begins with noting that diversity jurisdiction and proper venue exist in this Court.  However, jurisdiction is a prerequisite to this inquiry.  And proper venue is more appropriately, and has been, considered under the third factor.  Comparatively speaking, the location of the property is nearer the state court.  While this is important for the convenience of locating evidence and witnesses for proof needed in the state court case, the same does not apply to the coverage question before this Court.  None of these issues properly inform the fifth *Trejo* factor.

State Farm emphasizes that Defendant and its counsel are located nearer this Court.  While that could have impacted the decision, Defendant chose the state court forum in lieu of any concern for the convenience of its own corporate and legal representatives.  Therefore, the Court need not give any weight to that fact.  Moreover, Corpus Christi and Kingsville are only about 40 miles apart.  State Farm does not advance any other issues that contribute to the consideration of the convenience of the parties.  Finding a factor neutral in a nonexhaustive multifactor test is certainly permitted.  *See generally*, *Aptim Corp. v. McCall*, 888 F.3d 129, 136 (5th Cir. 2018).  The Court agrees with the Magistrate Judge that, offsetting the competing evidence, the fifth factor concerning the convenience of the parties is neutral.

## 6. Whether retaining the lawsuit would serve the purposes of judicial economy.

The Magistrate Judge noted that judicial economy would be served by declining jurisdiction in this case because:  (1) federalism and comity favor resolution of state issues in state court; (2) it would be duplicative to have the coverage issue litigated in both cases;

(3) only the state court has before it all of the issues between the parties; (4) few resources have been expended in this case such that little efficiency will be lost by declining jurisdiction and many efficiencies will be gained; and (5) the same state court where the other Four Wives case is pending also has before it complaints in other similar cases addressing the same policy coverage issue as is before this Court.  D.E. 24, pp. 19-21.

State Farm argues that judicial economy would be served by having this Court determine the coverage issue first because that issue must be determined before the rest of the issues in the state court action can be adjudicated.  D.E. 27, p. 4.  It does not argue that anything prohibits asking the state court to determine coverage first.  Nothing about the order of proceedings militates in favor of federal DJA jurisdiction.  Therefore, the Court agrees with the Magistrate Judge that the sixth factor weighs against this Court's exercise of DJA jurisdiction.  The Court adds that—in the context of this case[2]—this factor, in conjunction with the first factor, wields great weight.

### 7. Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

The Magistrate Judge found that, because there is no state court decree to interpret, this factor is not implicated in this case and has no impact on the decision to exercise DJA jurisdiction.  D.E. 24, pp. 21-22.  Acknowledging the conflicting unpublished Fifth Circuit opinions in this regard, State Farm argues that the absence of a state court decree must

---

[2]  The Court is aware that the Fifth Circuit has declared that the first factor is the most important.  *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 394 (5th Cir. 2003).

weigh in favor of exercising jurisdiction.  D.E. 27, p. 5.  Its cursory treatment of the factor in the proceedings before the Magistrate Judge was due to the obvious nature of the applicable facts, not to State Farm's assessment of its importance.  *Id.*

The Court understands State Farm's position that every factor is relevant and must weigh in favor of, or against, exercise of DJA jurisdiction.  However, because the matter is broadly discretionary, the issue does not involve the *Colorado River* presumption in favor of exercising jurisdiction,[3] and the factors are not to be applied mechanically,[4] its argument is not compelling.  Because there is no state court decree at issue, there is no reason to add any weight on the side favoring the exercise of federal DJA jurisdiction.  The Court agrees with the Magistrate Judge that the seventh factor is inapplicable or neutral.

### D.  Remedy

The Magistrate Judge recommended that this case be stayed pending adjudication of the state court case rather than dismissed.  D.E. 24, p. 25.  While State Farm has asked that no relief be imposed as a result of the motion to dismiss, it has not objected to the remedy of a stay in lieu of dismissal.  D.E. 27.  Four Wives did not file any objections of its own.  D.E. 28.  The Court finds no clear error in the M&R insofar as it recommends a stay.

---

[3]  *See generally, Wilton v. Seven Falls Co.*, 515 U.S. at 287; *Trejo*, 39 F.3d at 590-91.

[4]  *See e.g., Canal Ins. Co. v. XMEX Transp., LLC*, 1 F. Supp. 3d 516, 525 (W.D. Tex. 2014) (explaining that, as with *Colorado River* abstention, the factors are considered in the context of *Brillhart*, without mechanical application).

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as State Farm's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **FINDS** that the first and sixth Trejo factors weigh significantly against the exercise of DJA jurisdiction. While the third and fourth weigh in favor, they are not as weighty as the first and sixth. The remaining factors—the second, fifth, and seventh—are neutral.

Therefore, the Court **OVERRULES** State Farm's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge **AS MODIFIED** herein. Accordingly, Defendant's motion to dismiss (D.E. 13) is **DENIED**.  However, the Court **STAYS** this action pending resolution of the issues in the state court action, *Four Wives Limited v. State Farm Lloyd's*, Cause No. 22-300-D (105th Judicial District Court, Kleberg County, Texas).  The Court instructs the Clerk of Court to administratively close this action.

**ORDERED** on March 24, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE